Wang v. Holder

BIA
Chew, IJ
A099 938 986

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> DENNY CHIN,
> *Circuit Judges.*

———————————————————————————

KONG YUAN WANG,
> *Petitioner,*

      v.                                  10-1940
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————

FOR PETITIONER:      Kong Yuan Wang, *Pro Se*, El Monte, CA

FOR RESPONDENT:     Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director, Karen L. Melnik; Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,
Washington, DC**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Kong Yuan Wang, a native and citizen of the People's Republic of China, seeks review of an April 23, 2010, decision of the BIA affirming the May 22, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kong Yuan Wang*, No. A099 938 986 (B.I.A. Apr. 23, 2010), *aff'g* No. A099 938 986 (Immig. Ct. N.Y. City, May 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications, like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances, . . . base a credibility finding on the . . . the consistency between the applicant's or witness's written or oral statements, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Substantial evidence supports the agency's adverse credibility determination.  In finding Wang not credible, the agency reasonably relied on Wang's omission from his asylum application of any mention of the sole basis of his claim of past persecution, his altercation with family planning officials.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (for the purposes of analyzing an adverse credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent.").  Both here and before the BIA, Wang explained that he failed to mention the altercation in his original application because he felt that his wife's forced abortion and sterilization "were more important and more severe."  The agency was entitled to decline to credit this explanation in light of the timing of Wang's addendum, which came after our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (holding that an individual was not per se eligible for relief based

3

on the forced abortion or sterilization suffered by a spouse). *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (noting our deference to an IJ's credibility determination, unless a reasonable fact-finder would be compelled to conclude otherwise). Given the major omission from the application, the timing of the amendment, and the agency's additional findings concerning the similarities in phrasing between Wang's and his wife's statements, as well as Wang's wife and her aunt's omission of any mention of his altercation with family planning officials in their affidavits, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66.

Moreover, as the BIA found, even if credible, Wang did not demonstrate harm rising to the level of persecution because he was not eligible for relief based on the harm suffered by his wife, *Shi Liang Lin*, 494 F.3d at 309, and the single incident with family planning officials in which he was punched in the stomach did not rise to the level of persecution, *see Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). Contrary to Wang's assertion, because his past harm did not rise to the level of persecution, he is not entitled to a presumption of a well-founded fear of

4

persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk